# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SA CV 11-1121 DOC (RNBx)            Date: November 23, 2011

Title: YUCKMING CHIU v. CITRIX SYSTEMS, INC.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                       Date:_____ Deputy Clerk: _____

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Dwayne Roberts | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                           NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

      Before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss") or, in the alternative, for a More Definite Statement ("Motion for More Definite Statement") (Docket 8) filed by Defendant Citrix Systems, Inc. The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers, and for the reasons discussed below, the Court hereby DENIES the Motion to Dismiss. The Court also DENIES the Motion for More Definite Statement.

MINUTES FORM 11 DOC                                              Initials of Deputy Clerk _dr__
CIVIL - GEN                                                                   Page 1 of 16

## I. BACKGROUND

Yuckming Chiu ("Plaintiff"), a former employee of Citrix Systems, Inc. ("Citrix" or "Defendant"), brings this action on behalf of himself and on behalf of current and former employees ("Putative Class"), who are or were employed in Citrix's location in California and held titles or positions as software engineers within the four years prior to the date of filing of this suit. FAC (Docket 7) at ¶¶ 5, 43, 47. Plaintiff and the Putative Class were allegedly misclassified because the majority of the work performed by Plaintiff and the Putative Class is not, and was not, exempt from state wage and hour laws. *Id*. at ¶¶ 8, 34. Plaintiff avers that he and the Putative Class were engaged in duties that did not involve design, development, analysis, creation, testing, or design modification, that was creative or intellectual in nature. *Id*. at ¶ 9. Instead, their primary duties consisted of routine, rote, and repetitive non-exempt procedures that required supervision and micro-management. *Id*. at ¶ 10.

Citrix allegedly groups its engineering employees into different job classifications which perform essentially the same duties or overlap significantly in their duties. *Id*. at ¶ 13. Plaintiff claims that Citrix groups all of the Putative Class's jobs into the category of "Product Development/Engineering." Within the "Product Development/Engineering" category, the employees allegedly perform routine duties of developing products according to detailed specifications provided by other individuals or testing the system according to routine parameters that are also established by other individuals. *Id*. at ¶ 22. Accordingly, Plaintiff claims that he and the Putative Class are owed overtime and other protections as non-exempt employees under California law. *Id*. at ¶¶ 6, 34.

On July 27, 2011, Plaintiff filed a complaint against Defendant (Docket 1). Plaintiff subsequently filed his First Amended Class Action Complaint ("First Amended Complaint") against Defendant, on September 21, 2011, alleging four causes of action under California law: (1) failure to pay overtime wages; (2) failure to timely pay wages at separation; (3) failure to furnish itemized wage statements; and (4) violation of Unfair Competition Law. In the First Amended Complaint, Plaintiff requests, among other things: (1) to be appointed representative of the Putative Class; (2) unpaid wages at overtime rate; and (3) waiting time penalties. *Id*. at ¶¶ 82, 85, 87.

On October 11, 2011, Moving Defendant Citrix brought the instant Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or, in the alternative, Motion for More Definite Statement under Fed. R. Civ. P. 12(e).

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads

enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)'." *Id.*

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d

750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

As an initial matter, Defendant argues that Plaintiff's allegations fall short of alleging the requirements to assert a class action. Mot. at 2. The Court does not address this issue because it would be better addressed through a fully-briefed class certification hearing than on this motion to dismiss and it is not plain from the face of the complaint that Plaintiff's class action allegations fail. *See Shabaz v. Polo Ralph Lauren Corp.*, 586 F.Supp.2d 1205, 1211 (C.D.Cal. 2008) (Guilford, J.). The Court will instead address the general sufficiency of each of Plaintiff's four claims and then discuss Defendant's Motion for More Definite Statement.

### A. Motion to Dismiss

#### 1. First Claim: Failure to Pay Overtime Wages

Under California Labor Code Section 510, overtime compensation is required for any hours worked by a non-exempt employee in excess of 40 hours per week. *See D'este v. Bayer Corp.*, 565 F.3d 1119, 1123 (9th Cir. 2009). Defendant argues that Plaintiff's claim for failure to pay overtime wages is insufficient as a matter of law because: (1) Plaintiff has failed to properly allege a claim for unpaid overtime given that he does not allege *where* and *when* he worked for Defendant; and (2) Plaintiff and the Putative Class were properly classified as exempt employees. *See* Mot. at 6-11.

#### a.      Sufficiency of Allegations

Defendant's first argument fails, as Plaintiff need not state where and when he worked to sufficiently allege a claim for unpaid overtime. Indeed, the Court has previously held that a plaintiff is not required to allege when and where he worked to state a claim. *See Cardenas v. McLane Foodservice, Inc.*, SA CV 10-0473 DOC (FFMx) (C.D. Cal. Oct. 7, 2010). Such a requirement appears nowhere in *Twombly* or *Iqbal*, let alone the Federal Rules of Civil Procedure. Under *Iqbal*, the pleading need only allege sufficient facts such that the court can be informed that the plaintiff possesses a "claim to relief that is plausible on its face." *Iqbal*, 550 U.S. at 570. Moreover, Defendant has ready access to its own employment records and can, on the basis of such records, determine where and when Plaintiff worked for Defendant.

Defendant cites two non-binding cases in which other courts dismissed similar claims on the basis that such claims failed to comply with the pleading requirements set forth in *Iqbal* and *Twombly*. *See Weigele v. FedEx Ground Package Sys., Inc.*, No. 06-CV-1330, 2010 WL 4723673 *3 (S.D. Cal. Nov. 15, 2010)[1]; *Harding v. Time Warner, Inc.*, No. 09cv1212, 2010 WL 457690 *5 (S.D. Cal. Jan. 26, 2010). In *Weigele*, the plaintiffs brought an unpaid overtime claim, alleging that "[d]uring the relevant time period, the [d]efendant required the [p]laintiffs to work overtime without lawful compensation." 2010 WL 4723673 at *4. The court dismissed the plaintiffs' claim because the plaintiffs' allegations were examples of "[t]hreadbare recitals of the elements of a cause of action,

---

[1] The Court GRANTS Defendant's Request for Judicial Notice of the Second Amended Complaint filed in *Weigele v. FedEx Ground Package Sys., Inc.*, No. 06-CV-1330, 2010 WL 4723673 *3 (S.D. Cal. Nov. 15, 2010).

supported by mere conclusory statements." *Id*. In *Harding*, the plaintiffs brought an unpaid overtime claim, alleging that their employer "fail[ed] to pay and properly calculate overtime." 2009 WL 2575898 *1. The court dismissed the plaintiffs' claim because the plaintiffs failed to allege sufficient or non conclusory factual content. *Id*. at *3.

The present case is easily distinguishable from *Weigele* and *Harding,* as Plaintiff has alleged more than conclusory statements. Unlike *Weigele* and *Harding*, Plaintiff did not merely allege that Defendant required Plaintiff to work overtime without lawful compensation. Rather, Plaintiff alleged that he worked a specific number of hours – between 50 and 60 hours a week – and has unpaid overtime in excess of $75,000. FAC at ¶ 56. As overtime compensation is required for any hours worked by non-exempt employees in excess of 40 hours per week, there is no more factual content Plaintiff *could* have alleged. *See* Cal. Lab. Code § 510 (overtime compensation required for any hours worked in excess of 40 hours per week); *Acho v. Cort*, No. C 09-00157 MHP, 2009 U.S. Dist. LEXIS 10006, *7-8 (N.D. Cal. Oct. 27, 2009) (holding that complaint was adequate to put defendant on notice because [p]laintiff allege[d] that he worked "more than forty hours per week and did not receive compensation for those overtime hours"); *McKeen-Chaplin v. Franklin Am. Mort. Co.*, No. C 10-5243 SBA, 2011 U.S. Dist. LEXIS 10320, *7 (N.D. Cal. Sept. 13, 2011) (allegation that plaintiff worked more than forty hours per week but did not receive overtime compensation was sufficient to survive a motion to dismiss).[2]

---

[2]Defendant's counsel may be especially familiar with the holding in *McKeen-Chaplin* because the same firm represented the defendant in that case.

### b. Affirmative Defense

Defendant's second argument also fails because it is only an affirmative defense, which does not provide a grounds for a Rule 12(b)(6) dismissal. Defendants argue that Plaintiff and the Putative Class qualify for both the administrative and computer professional exemption pursuant to California law. Mot. at 10. However, "exemptions are affirmative defenses." *Combs v. Skyriver Commc'n, Inc.*, 159 Cal. App. 4th 1242, 1254 (2008). Affirmative defenses may not ordinarily be raised on a motion to dismiss unless the affirmative defense raises no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). The present case raises at least one disputed issue of fact because the parties disagree over *what* Plaintiff's job duties were. Mot. at 11. Thus, the Court finds Defendant's affirmative defense to be an inappropriate basis for granting a motion to dismiss.

Accordingly, Defendant Citrix's Motion to Dismiss Plaintiff's First Claim for failure to pay overtime wages is DENIED.

### 2. Second Claim: Failure to Timely Pay Wages at Separation

Under California Labor Code Section 203, if an employer "willfully" fails to pay any wages of an employee who is discharged or who quits, the wages of the employee will accrue as a penalty from the due date, at the same rate, until paid or until an action is commenced. As used in section 203, "willful" merely means that the employer intentionally failed or refused to perform an act which was required to be done. *Barnhill v. Saunders & Co.*, 125 Cal. App. 3d 1, 10 (1981).

Defendant argues that, even if it failed to timely pay wages at separation, Plaintiff's claim

fails as a matter of law because: (1) the First Amended Complaint relies on boilerplate allegations; and (2) Plaintiff cannot recover "waiting-time" penalties under California Labor Code Section 203 unless he establishes that Defendant acted in bad faith. *See* Mot. at 11-12.

### a. Sufficiency of Allegations

Defendant is simply wrong on the law and incorrect that the First Amended Complaint's boilerplate allegations fail to state a claim. Plaintiff has sufficiently pled that Citrix deliberately failed to pay wages by alleging that Citrix deliberately implemented a companywide policy of not paying overtime to save money. FAC at ¶ 67. Plaintiff has also alleged that he and some of the Putative Class members were discharged or quit within the statute of limitations applicable to this claim and have failed to receive the overtime wages due to them. *Id*. at ¶ 59-60. These allegations are more than adequate to put Defendant on notice of Plaintiff's claim, which is all that is required to survive a Rule 12(b)(6) motion.

### b. Bad Faith

The Court also does not agree with Defendant's second argument that a Plaintiff cannot recover "waiting-time" penalties under California Labor Code Section 203 unless he establishes that Defendant acted in bad faith. Once again, Defendant is simply wrong as a matter of law. Defendant relies on *Barnhill v. Saunders & Co.*, Cal. App. 3d 1 (1981), to support its assertion. Mot. at 12. *Barnhill* did not require a plaintiff to establish a defendant's bad faith. *See* Cal. App. 3d 1, 10 (1981). Instead, *Barnhill* stated that an employer's refusal to pay does *not* necessarily need to be based on an employer's bad faith. Cal. App. 3d 1, 10 (1981) ("to be at fault within the meaning of the statute, the

employer's refusal to pay need not be based on a deliberate evil purpose to defraud [an employee] . . . [a]s used in section 203, willful merely means that the employer intentionally failed or refused to perform"). At most, *Barnhill* stands for the proposition that defendants may assert a good faith defense – and, as previously stated, an affirmative defense is an insufficient basis for granting a motion to dismiss.

Accordingly, Defendant Citrix's Motion to Dismiss Plaintiff's Second Claim for failure to timely pay wages at separation is DENIED.

### 3. Third Claim: Failure to Furnish Itemized Statements

To recover damages under California Labor Code Section 226(e), an employee must suffer injury as a result of a knowing and intentional failure by an employer to comply with section 226. The injury requirement cannot be satisfied simply because immaterial information is missing from a wage statement. *Elliot v. Spherion Pac. Work, LLC*, 572 F. Supp. 2d 1169, 1181 (C.D. Cal. 2008). However, the absence of information does not create an injury where it creates: (1) the possibility of employees not being paid overtime; (2) confusion for employees over whether they have received all wages owed them; (3) difficulty and expense reconstructing pay records; and (4) an ambiguity that forces employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked. *Id*.

Defendant moves the Court to dismiss Plaintiff's claim based on a failure to furnish itemized statements because Plaintiff has only alleged a "deprivation of information," which does not establish a violation of Section 226(a). *See* Mot. 14. Defendants rely on *Elliot v. Spherion Pacific Work, LLC*. In *Elliot*, the plaintiff alleged that he suffered injury under section 226(e) because his wage

statement did not include his employer's name and address. 572 F. Supp. 2d at 1178. The court held that the plaintiff failed to state a claim because a slightly truncated name on a wage statement does not constitute a sufficient injury under section 226(e). *Id*. at 1181.

Unlike the plaintiff in *Elliot*, Plaintiff did not merely allege that he was deprived of information, such as his employer's full name. Plaintiff alleged that Defendant intentionally failed to furnish Plaintiff and the Putative Class itemized wage statements accurately showing, among other things, total hours worked, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate. FAC at ¶ 64. As a result, Plaintiff and the Putative Class were injured because Defendant's failure to furnish itemized statements has hindered Plaintiff and the Putative Class from determining the amount of overtime wages owed to them and has caused them to not receive full compensation. *Id*. at ¶¶ 65-66. Plaintiff further alleged that he and the Putative Class were also damaged because they can only reconstruct a reasonable estimate of the hours worked and are, therefore, not receiving full compensation. *Id*. at ¶ 66. It is well established that failure to provide information that results in an employee's confusion over whether he has received all wages owed and forces an employee to make mathematical computations to analyze whether the wages paid in fact compensated him are sufficient injuries. *See Cicairos v. Summit Logistics*, *Inc*., 133 Cal. App. 4th 949, 955 (2005) ("If it is left to the employee to add up the daily hours shown on the time cards or other records so that the employee must perform arithmetic computations to determine the total hours worked during the pay period, the requirements of section 226 would not be met").

Accordingly, Defendant Citrix's Motion to Dismiss Plaintiff's Third Claim for failure to furnish itemized statements is DENIED.

### 4. Fourth Claim: Violation of Unfair Competition Law

Under California Labor Code Section 226.7, employers may not require employees to work during any meal or rest period. Plaintiff's fourth claim for an alleged violation of the Unfair Competition Law repeats Plaintiff's previous claims for failure to pay overtime and adds claims for failure to provide meal and rest periods. FAC at ¶ 71.

Defendant moves the Court to dismiss this claim on the ground that Plaintiff fails to allege any facts to establish a violation of section 226.7. Mot. at 15. Defendant concedes that Plaintiff alleged that he was required to work through meal and rest periods. *Id*. Defendant nonetheless alleges that Plaintiff has failed to allege any facts to establish a violation. Defendant claims that Plaintiff's allegations are similar to the allegations in the non-binding case *Weigele v. FedEx Ground Package System, Inc.* and, therefore, Plaintiff's claim should be dismissed.

In *Wiegele*, plaintiffs brought claims for denial of meal and rest periods. No. 06-CV-1330, 2010 WL 4723673 *1 (S.D. Cal. Nov. 15, 2010). In support of their denial of meal periods claim, plaintiffs alleged that the defendant required plaintiffs to work without being given a 30 minute meal period for shifts of at least five hours and a second 30 minute meal period for shifts of at least ten hours. *Id*. at *4. In support of their denial of rest periods claim, plaintiffs alleged that defendant required plaintiffs to work without being given ten minute rest periods for every four hours. *Id*. The court held that the allegations were insufficient to state a claim because they were "[t]hreadbare recitals of the elements of a cause of action." *Id*.

First, the Court is not persuaded that *Wiegele* correctly applied the standard for a motion

to dismiss. However, even if it did, Plaintiff here has alleged more facts. Plaintiff alleged that he and the Putative Class were: (1) required to work for four hours without a rest period of at least ten minutes; and (2) required to work periods exceeding 5 hours without uninterrupted 30-minute meal periods and required to work periods exceeding 10 hours without a second uninterrupted 30-minute meal period. *Id*. at ¶¶ 72-73. Moreover, Plaintiff alleged that Citrix had a companywide policy of working the Putative Class essentially non-stop during "crunch time" and, during this time, it was impossible for Plaintiff and the Putative Class to take meal and rest periods. FAC at ¶73.[3] There is no more factual content Plaintiff could have alleged to state a claim, and thus Plaintiff has sufficiently pled this claim. *See Uribe v. Mainland Nursery, Inc.*, 2007 U.S. Dist. LEXIS 90984 at *9 (E.D. Cal. Dec. 11, 2007).

Accordingly, Defendant Citrix's Motion to Dismiss Plaintiff's Fourth Claim for Violation of Unfair Competition Law is DENIED.

### B. Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). "A motion for [a] more definite statement pursuant to Rule 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail, and

---

[3]Defendant also moves the Court to dismiss this claim because Plaintiff alleged facts pertaining to Defendant's purchase of a NetScaler machine "in or around early 2006" and, therefore, any claims that accrued in 2006 through 2007 would be time-barred. Mot. at 16. The Court finds this argument irrelevant, as Plaintiff has alleged other facts that occurred after 2006.

therefore, a court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Beery v. Hitachi Home Elecs. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993). "If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." *Id.*; *see also Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

"Motions for a more definite statement are viewed with disfavor, and are rarely granted." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). Under the liberal federal pleading standards, all that is required of a complaint is "a short and plain statement of the claim" that gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957). Therefore, a Rule 12(e) motion may not be used to compel the plaintiff to set forth "the statutory or constitutional basis for his claim, only the facts underlying it." *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990). However, "even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion . . . require such detail as may be appropriate in the particular case." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

After reviewing the First Amended Complaint, the Court does not find that it is so "vague or ambiguous" that Defendant cannot reasonably be required to frame a responsive pleading. Fed. R. Civ. P. 12(e). As discussed above, the Court finds that Plaintiff has sufficiently stated facts to support his four claims for relief. Moreover, the First Amended Complaint is sufficiently specific enough to

apprise the Defendant of the substance of the claims being asserted. *Beery*, 157 F.R.D. at 480.

Accordingly, Defendant's Motion for More Definite Statement is DENIED.

### C. Defendant's Reference to Rule 11

In its Reply, Defendant contends that Plaintiff has violated Federal Rule of Civil Procedure 11(b)(3) because his allegations lack factual support. Reply at 5 n.1. The Court briefly addresses Defendant's argument here in the hope that parties will remember the following discussion if they choose to file future motions.

First, the Court reminds Defendant that moving for Rule 11 sanctions without abiding by the procedures in Rule 11, especially the safe-harbor provisions of Rule 11(c)(2), could expose *Defendant*–not Plaintiff–to sanctions. Indeed, as noted in the very case cited by Defendant, the safe harbor provisions are an "absolute prerequisite" to a motion for Rule 11 sanctions. *See Truesdell v. So. Cal. Permanente Med. Group*, 209 F.R.D. 169, 174 (C.D. Cal. 2002).

Second, the Court notes that it has, over the years, suffered through complaints that contain incoherent ramblings, conclusory regurgitations of whole statutory text, and internally contradictory allegations. The Court is tickled that Defendant, apparently unfamiliar with the quality of pleadings in most cases, finds the present Complaint's straight-forward prose inadequate to state a claim and in violation of Rule 11. The Court chooses to be amused by Defendant's unworldliness and to construe Defendant's reference to Rule 11 as a product of that unworldliness, rather than to believe that

Defendant entertained more cynical motives in filing the present motions.

## IV. DISPOSITION

For the reasons explained above, Defendant Citrix's Motion to Dismiss is DENIED.

Defendant Citrix's Motion for More Definite Statement is also DENIED.

The Clerk shall serve this minute order on all parties to the action.